**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arnoldo Castro and Elizabeth Gutierrez, husband and wife,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>Executive Trustee Services, LLC; et al,<br><br>　　　　　　　Defendants. | No. CV-08-2156-PHX-LOA<br><br>**ORDER** |

　　　　　This matter arises on Defendant Executive Trustee Services, LLC's ("Defendants" or "ETS") and Defendant Mortgage Electronic Registration Systems, Inc.'s ("Defendants" or "MERS") Motion to Dismiss Plaintiffs Arnoldo Castro's and Elizabeth Gutierrez' Complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., on the grounds that the Complaint fails to state claims against Defendants upon which relief may be granted. (docket # 9) Defendants also contend the Complaint's fraud-based allegations should be dismissed because they fail to satisfy the standard of particularity imposed by Rule 9(b), Fed.R.Civ.P., and request an order expunging the Notice of Lis Pendens recorded with the Maricopa County Recorder on October 21, 2008. The Court concludes that oral argument on the pending Motion is unnecessary because the parties have adequately briefed the issues. *Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1 All parties have expressly consented in writing to magistrate-judge jurisdiction 2 pursuant to 28 U.S.C. § 636(c). (docket ## 11, 12, 25) After considering the parties' 3 briefings and relevant case law, the Court will grant the Motion and will dismiss the 4 Complaint with leave to amend one claim.

## BACKGROUND

6 Arnoldo Castro and Elizabeth Gutierrez ("Plaintiffs"), "unable to make timely 7 [loan] payments on [their home]," docket # 13 at 2, filed this lawsuit against ETS, trustee on 8 the home's deed of trust, and MERS, the identified beneficiary in the deed of trust and 9 alleged nominee of the original lender and its successors and assigns. (Deed of trust, Exhibit 10 ("Exh.") A; docket 9-2 at 2) Plaintiffs, husband and wife, purchased their home, located in 11 Laveen, Arizona, on July 27, 2006, after obtaining a $240,000 loan from Home Loan 12 Corporation d/b/a Expended Mortgage Credit ("Home Loan Corp.") which was applied to 13 the home's purchase price. (docket # 13 at 2) Plaintiffs acknowledge that "[i]n exchange for 14 the loan, Plaintiffs executed a promissory note which entitled Home Loan Corp. to foreclose 15 on the subject property should Plaintiffs default on the loan." (*Id*.) Defendants seek to 16 foreclose on the deed of trust which secured the note under the contract for sale. Plaintiffs 17 concede they have defaulted on the loan payments.

18 After receiving the Notice of Trustee's Sale, Plaintiffs were unable to obtain 19 information informally from ETS and MERS and commenced this action in the Maricopa 20 County Superior Court on October 21, 2008, seeking to enjoin their home's foreclosure and 21 obtain an award of damages. (Exh. 1 to Complaint; docket # 1-3 at 14-15; Complaint, docket 22 # 1-3 at 5-8) ETS and MERS timely removed this lawsuit to this District Court on 23 November 21, 2008. (docket # 1)

24 This District Court has federal-question jurisdiction over this case pursuant to 25 28 U.S.C. § 1331 because some of Plaintiffs' claims arise under the laws of the United 26 States. Venue is proper pursuant to 28 U.S.C. §§ 82, 1441(a) and LRCiv 5.1 and 77.1(a).

27 Defendants ETS and MERS contend Plaintiffs filed this lawsuit and related *lis* 28 *pendens* solely to delay foreclosure of their home. (docket # 9 at 4) Plaintiffs contend,

- 2 -

1 however, that their "central claim," is that the "beneficiaries of the Note are not in possession
2 of the original [note and are] not entitled to enforce the Note under the law of negotiable
3 instruments as codified in the Uniform Commercial Code." (Response; docket # 13 at 7)
4 Plaintiffs claim that "[u]nder the law of negotiable instruments as codified in the Uniform
5 Commercial Code (codified in Arizona at [Arizona Revised Statutes ("A.R.S.")] § 47-3101,
6 et. [*seq*.]) a purported holder of a Note who is not in possession of the original negotiable
7 instrument is not entitled to enforce the Note." (*Id*. at 2)  Plaintiffs' Response cites no
8 Arizona case as authority but refers to A.R.S. §§ 47-3101[1] and 3309[2] in support of this state-
9 law argument.[3]

          The Complaint alleges four causes of action, identified or generally described as follows: (1) declaratory relief (Count One); (2) unfair debt collection practices (Count Two); (3) predatory lending practices (Count Three); and (4) federal and Arizona RICO violations (Count Four).  (docket # 1-3 at 5-12; docket # 6-7)  The declaratory relief cause of action asserts a state-law claim "to have a declaration of [Plaintiffs'] rights, status and other legal relations" to their home pursuant to A.R.S. § 12-1832. (*Id*. at ¶ 26)  The unfair debt collection practices cause of action claims federal statutory violations of: (a) the Federal Fair Debt Collections Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.; and (b) the Real Estate

---

[1] A.R.S § 47-3301 provides:

**Person entitled to enforce instrument**
"Person entitled to enforce" an instrument means the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 47-3309 or § 47-3418, subsection D. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

[2] A.R.S § 47-3309 describes who may enforce a lost, destroyed or stolen instrument.

[3] The Court assumes without deciding that Arizona's law on negotiable instruments controls Plaintiffs' state-law claim for declaratory relief that "Defendants are not entitled to enforce the underlying promissory note described in the [deed of trust]." (docket 1-3, ¶ 27 at 9)

1 Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617. The predatory lending 2 practices' cause of action alleges violations of the following federal statutes: (a) the Home 3 Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637; (b) the Truth in 4 Lending Act ("TILA"), 15 U.S.C. § 1601; and (c) the Federal Trade Commission Act 5 ("FTCA"), 15 U.S.C. §§ 41-58.

6 The Complaint alleges, *inter alia*, that:

7 1. ETS is "the Trustee named in Exhibit 1 [Notice of Trustee's Sale for 8 Plaintiffs' home]." (docket 1-3, ¶ 5)

9 2. MERS "is the alleged beneficiary named in [the Notice of Trustee's Sale] 10 . . . and is directing said Trustee to proceed under a power of sale to foreclose." (*Id.* at ¶ 6)

11 3. "The Notice of Trustee's Sale . . . was issued by Defendant, ETS, at the 12 insistence of Defendant, MERS. (*Id.* at ¶ 9)

13 4. MERS "is not the holder of the note identified in the security instrument that 14 is identified in [the Notice of Trustee's Sale], is not in possession of the original note 15 properly endorsed to it, nor was it otherwise entitled by law in [Arizona] to initiate 16 foreclosure under the security instrument identified therein." (*Id.* at ¶ 11)

17 5. MERS "has no right to initiate foreclosure under the security instrument 18 identified in the Notice of Sale . . . nor did it have the right to direct [ETS] to foreclose and 19 sell the subject property." (*Id.* at ¶ 12)

20 6. ETS was placed on "notice of Plaintiffs' claim that [MERS] has no present 21 right to initiate foreclosure . . . unless and until [Plaintiffs have] obtained proof that [MERS] 22 actually has in its possession the original note properly endorsed to it or assigned to it as of 23 a date preceding the notice of default recorded by [ETS]." (*Id.* at ¶ 13)

24 7. "The true facts were that [ETS and MERS] were not in possession of the 25 note and either (sic) [neither were] holders of the note or non-holders of the note entitled to 26 payment, as those terms are used in Commercial Code §§ 3301, 3309, and therefore they 27 were proceeding (sic) to foreclose non-judicially without right under the law. . . ." (*Id.* at ¶ 28 22)

1 While they contend the allegations in their Complaint fully comply with the new *Twombly* standard, "should this Court agree that any of the claims lack the requisite specificity, Plaintiffs hereby ask for Leave to Amend in lieu of dismissal of the claims." (docket # 13 at 6)  Plaintiffs' Response provides no factual details exactly how ETS and MERS violated the various federal statutes alleged in the Complaint.

On the other hand, Defendants argue that the Complaint's conclusory allegations fail to state claims upon which relief may be granted for violations of the FDCPA and RESPA because the Complaint provides no guidance or specifics as to what ETS and MERS did or failed to do to violate these federal acts. "Plaintiffs' complaint utterly fails to allege how ETS and MERS supposedly violated RESPA, or which provision within RESPA they believe ETS and MERS violated." (docket # 9 at 11)  Similarly, Defendants argue that Plaintiffs' Third Cause of Action, labeled "Predatory Lending Practices," fails to identify any facts to support how Defendants ETS and MERS violated: (1) HOEPA; (2) TILA; and/or (3) FTCA. (*Id.*)  Indeed, Plaintiffs allege they "believe Defendants have engaged in deceptive practices" that violate HOEPA, TILA, and FTCA, the "specifics of [those deceptive practices] are unknown" and Plaintiffs intend to uncover the facts through discovery and amend their Complaint accordingly. (docket # 1-3, ¶¶ 35-36).

Defendants point out, among others, that "[n]ot every loan is subject to HOEPA[,]" citing 15 U.S.C. § 1602(aa)(1) and *Emery v. Wells Fargo Bank, N.A.*, 2006 WL 410980, at *6 (D. Ariz. 2006) (granting summary judgment for defendant where the plaintiff failed to adequately allege that his loan was subject to HOEPA). Because Plaintiffs do not allege facts supporting the application of HOEPA to their loan, Defendants contend this is another reason the HOEPA claim should be dismissed. (*Id.* at 12)

Assuming *arguendo* that Plaintiffs are attempting to allege a common-law fraud claim, Defendants also demonstrate that the Complaint does not meet the heightened standard imposed by Rule 9(b) to support a fraud or misrepresentation claim. (*Id.* at 8) Defendants point out that "Rule 9(b) requires that claims of fraud and misrepresentation be 'specific enough to give defendants notice of the particular misconduct which is alleged to

- 5 -

1 constitute the fraud charged so that they can defend against the charge and not just deny that
2 they have done anything wrong[,]'" citing *Bly-Magee v. California*, 236 F.3d 1014, 1019
3 (9th Cir. 2001). To satisfy Rule 9(b)'s standard, a plaintiff must offer the "who, what, when,
4 where and how" to support a plaintiff's fraud allegations. *Vess v. Ciba-Geigy Corp. USA*,
5 317 F.3d 1097, 1106 (9th Cir. 2003).[4]

6 Plaintiffs argue that the Complaint's allegations "are sufficient to survive a
7 12(b)(6) dismissal on any and all of those claims[]" made pursuant to "Unfair Debt
8 Collection Practices/RESPA, Predatory Lending Practices, and RICO." (docket # 13 at 4)
9 The Court disagrees.

## **RULE 12(b)(6) MOTION TO DISMISS**

11 Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a
12 claim either where that claim lacks a cognizable legal theory, or where insufficient facts are
13 alleged to support the plaintiff's theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696,
14 699 (9th Cir. 1988). In resolving a Rule 12(b)(6) motion, the district court must construe the
15 complaint in the light most favorable to the plaintiff and accept all well-pleaded factual
16 allegations as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

17 In order to survive a Rule 12(b)(6) motion, a complaint must allege "more than
18 labels and conclusions and a formulaic recitation of the elements of a cause of action[.]" *Bell*
19 *Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007); *Clemens v. Daimler*
20 *Chrysler Corp*., 534 F.3d 1017, 1022 (9th Cir. 2008) ("To avoid a Rule 12(b)(6) dismissal,
21 a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts
22 to state a claim to relief that is plausible on its face[,]' " quoting *Twombly*). A complaint
23 must contain factual allegations sufficient to "raise a right to relief above the speculative
24 level." *Twombly*, 127 S.Ct. at 1965. "The pleading must contain something more . . . than

---

[4] Plaintiffs' Response neither addresses whether Plaintiffs intended to allege a common-law fraud claim in their Complaint nor provides the "who, what, when, where and how" that support a fraud allegation. *Vess*, 317 F.3d at 1106. This aspect of Defendants' Motion will be granted without leave to amend.

- 6 -

1    . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of
2    action." *Id.*, (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* §1216, pp.
3    235-236 (3d ed. 2004)); *Yadin Company, Inc. v. City of Peoria*, 2008 WL 906730, * 4 (D.
4    Ariz. 2008) ("The Supreme Court also explained that Rule 8 requires a 'showing,' rather
5    than a blanket assertion, of entitlement to relief.") (internal quotations marks omitted).

6        In *Twombly*, an anti-trust case, the Supreme Court tightened the standard for
7    surviving Rule 12(b)(6) motions established long ago in *Conley v. Gibson*, 355 U.S. 41,
8    45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it
9    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
10   which would entitle him to relief." ). *Twombly*, 127 S.Ct. at 1967-69. The Court expressed
11   concern that *Conley's* standard could lead to unnecessary and expensive pretrial discovery
12   just to demonstrate the groundlessness of a plaintiff's case in complex anti-trust litigation.
13   *Id.*

14       "Generally, a district court may not consider any material beyond the
15   pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner*
16   *& Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990); *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th
17   Cir. 2001). Indeed, a district court "may not look beyond the complaint to a plaintiff's
18   moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."
19   *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998). Conversely,
20   "'material which is properly submitted as part of the complaint may be considered' on a
21   motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *cert. denied*, 512
22   U.S. 1219, (1994) (quoting *Hal Roach Studios*, 896 F.2d at 1555 n. 19), *overruled on other*
23   *grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). Similarly, a
24   district court may consider documents referred to or "whose contents are alleged in a
25   complaint and whose authenticity no party questions but which are not physically attached
26   to the [plaintiff's] pleading" *Id.* at 454; *Lee*, 250 F.3d at 688.  A district court may also take
27   judicial notice pursuant to Fed. R. Evid. 201 of "matters of public record" without converting
28

a motion to dismiss into a motion for summary judgment.[5] *Lee*, 250 F.3d at 689 (citing *Mack v. South Bay Beer Distrib.*, 789 F.2d 1279, 1282 (9th Cir. 1986) and *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).[6]

## **DISCUSSION**

The Court agrees with Defendants that the Complaint lacks sufficient facts to state claims pursuant to Rule 12(b)(6) and fails to meet the tightened *Twombly* standard for violations of HOEPA, TILA, the FTCA and the federal and Arizona RICO statutes. Assuming Plaintiffs are attempting to allege a fraud claim, it also fails to satisfy the heightened pleading standard applicable to fraud allegations under Rule 9(b). The Complaint does not contain factual allegations sufficient to "raise a right to relief above the speculative level" for violations of FDCPA, RESPA, HOEPA, TILA, and FTCA. *Id.* Indeed, Plaintiffs' claims of violations of these federal acts amount to mere conjecture without any showing of entitlement to relief. The Complaint itself admits as much when it concedes the "specifics . . . are unknown" for violations of HOEPA, TILA, and FTCA, docket # 1-3, ¶¶ 35-36, and Defendants "*may* have also violated provisions of [RESPA]." *Id.* at ¶ 32 (emphasis added).

Viewing the Complaint's factual allegations as true, as the it must, the Court, however, finds that Plaintiff's Complaint alleges sufficient facts to withstand

---

[5] The Court will consider Exhibit A (deed of trust on Plaintiffs' residence) attached to Defendants' Motion without converting it into a motion for summary judgment because Plaintiffs refer to the deed of trust in their Complaint via Exhibit 1 (Notice of Trustee's Sale), do not dispute its authenticity, and it is a public record of the Maricopa County Recorder.

[6] Because Exhibit A to Plaintiff's Response to Defendants' Motion to Dismiss, docket # 8, was not properly submitted as part of the Complaint and does not meet any of the recognized exceptions, the Court will neither "incorporat[e] by reference" nor consider this exhibit in ruling upon Defendants' Motion to Dismiss. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Amfac Mtg. Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429-30 (9th Cir. 1978). Similarly, the Court will not consider most of the factual information set forth in footnote 3 to Defendants' Response because such information is outside the four corners of the deed of trust in this case. (docket # 9 at 5, n. 3)

1 Defendants' Rule 12(b)(6) challenge to Plaintiffs' state-law claim for declaratory relief
2 that "Defendants are not entitled to enforce the underlying promissory note described in
3 the [deed of trust]." (docket 1-3, ¶ 27 at 9)

4 Arizona law, set forth in its version of the Uniform Commercial Code on
5 negotiable instruments, A.R.S. §§ 47-3301 *et seq*. and 3104, provides that a note[7]
6 qualifying as a negotiable instrument can be enforced by a "holder of the instrument" or a
7 "nonholder in possession of the instrument who has the rights of a holder or a person not
8 in possession of the instrument who is entitled to enforce the instrument . . . ." A.R.S. §
9 47-3301. According to the Complaint, neither ETS nor MERS is a holder of the note
10 related to the subject deed of trust. The deed of trust indicates "The Note means that
11 Borrower [Plaintiffs] owes Lender [Home Loan Corp.] $240,000.00 . . . ." (Exh. A at 2;
12 docket # 9-2) Based on the documents before the Court and because neither ETS nor
13 MERS is allegedly a lawful holder of the note, it is a prerequisite to enforcing the note
14 that ETS or MERS is a transferee in possession entitled to the rights of a holder. A.R.S. §
15 47-3301. Thus, in order to enforce the note under Arizona law, ETS or MERS must
16 prove a sufficient transfer from the initial holder (originally Home Loan Corp. to whom
17 the note was made payable by Plaintiffs) to ETS or MERS as a person or entity who is
18 entitled to enforce the instrument. *Id*. Having elected to proceed via Rule 12(b)(6), rather
19 than Rule 56, this portion of Defendants' Motion will be denied because the record
20 contains insufficient information to resolve the issue whether ETS or MERS is entitled to
21 enforce the instrument as a matter of law.

22 In an abundance of caution and in fairness to both Plaintiffs and
23 Defendants, the Court will permit Plaintiffs to file an Amended Complaint to include
24 specific facts explaining why Plaintiffs are entitled to a declaration that Defendants may
25 not enforce the deed of trust and foreclose on Plaintiffs' property based on Plaintiffs'
26 admitted default on the note. Amendment would allow Plaintiffs to identify Defendants'

---

[7] See, A.R.S. 47-3104(B) and (E).

1 conduct which violated Arizona law, include citations to controlling legal authority and
2 directly allege valid claims they have against Intervenor JP Morgan Chase Bank or its
3 predecessor-in-interest. The more difficult issue, however, is whether the Court should
4 grant Plaintiffs leave to amend the Complaint on the dismissed claims or, as Defendants
5 request, dismiss all claims with prejudice.

## **DISMISSAL WITH PREJUDICE**

7       When granting a motion to dismiss, a district court is generally required to
8 grant plaintiff leave to amend, even if no request to amend the complaint was made,
9 unless amendment would be futile because the complaint could not possibly be cured by
10 the allegation of other facts. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,
11 911 F.2d 242, 246-47 (9th Cir. 1990). Where amendment would be futile because the
12 plaintiffs "have sought to recast what are, at best, state-law claims into federal causes of
13 action[,]" dismissal with prejudice and without leave to amend is appropriate. *Kay v.*
14 *Placer County*, 219 Fed. Appx. 679, 682 (9th Cir. 2007). Because neither side provides
15 the Court any assistance on the issue of futility, the Court will address each act alleged in
16 the Complaint.

17 **1. The Federal Fair Debt Collections Act ("FDCPA")**

18       The Federal Fair Debt Collection Practices Act was enacted "to eliminate
19 abusive debt collection practices by debt collectors, to insure that those debt collectors
20 who refrain from using abusive debt collection practices are not competitively dis-
21 advantaged, and to promote consistent state action to protect consumers against debt
22 collection abuses." *Oei v. N. Star Capital Acquisitions*, LLC, 486 F.Supp.2d 1089, 1093
23 (C.D. Cal. 2006). "To be held directly liable for violation of the FDCPA, a defendant
24 must - as a threshold requirement - fall within the Act's definition of 'debt collector.'"
25 *Id.* at 1097 (citing *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) and *Romine v. Diversified*
26 *Collection Servs.*, 155 F.3d 1142, 1146 (9th Cir. 1998)).

27       In *Hulse v. Ocwen Fed. Bank*, FSB, 195 F.Supp.2d 1188, 1204 (D. Or.
28 2002), the court found *Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716 (D.W.

- 10 -

Va. 1998), *aff'd*, 173 F.3d 850 (4th Cir. 1999) persuasive"that the activity of foreclosing on [real] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." 195 F.Supp.2d at 1204. This Court agrees that "foreclosing on a deed of trust is an entirely different path [than collecting funds from a debtor]. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." *Id*. at 1204; also see, *Putkkuri v. Recontrust Co.*, 2009 WL 32567, * 2 (S.D. Cal. 2009).

There being no allegation or even a suggestion in the Complaint that Defendants were doing anything other than attempting to foreclose on Plaintiffs' property due to Plaintiffs' admitted default on the note, amendment to assert a valid FDCPA would be futile. Dismissal of this claim will be with prejudice.

**2.  The Real Estate Settlement Procedures Act ("RESPA")**

The Real Estate Settlement Procedures Act "prohibits the giving or receiving of fees for referral as part of a real estate settlement service but permits fees that are paid for facilities actually furnished or services actually performed in the making of a loan." *Valasquez v. Mortgage Electronic Registration Systems, Inc*., 2008 WL 4938162, * 3  (N. D. Cal. 2008) (federal claims dismissed against MERS arising from attempted foreclosure sale of real property) (citing *Schuetz v. Banc One Mortg. Corp*., 292 F.3d 1004, 1005-06 (9th Cir. 2002).  "Section 2607(a) prohibits the receipt of referral fees or kickback payments for the completion of a loan transaction. Section 2607(b) provides that fees may be received only for 'services actually performed.' " *Id*.

Plaintiffs obtained the subject loan to acquire their home on or about July 27, 2006. (Exh. A at 1; docket # 9-2) The deed of trust was recorded on January 5, 2007. (*Id*.) Giving Plaintiffs the benefit of this later date, Plaintiffs commenced this action over 18 months later on October 21, 2008.  "RESPA provides a one-year statute of limitations for section 2607 claims." *Valasquez*, 2008 WL 4938162, * 3 (citing 12 U.S.C. § 2614). Thus, like the property owner's claim in *Valasquez*, Plaintiffs' RESPA claim is time-barred. This claim will also be dismissed with prejudice.

- 11 -

**3. The Home Ownership and Equity Protection Act ("HOEPA") and the Truth in Lending Act ("TILA"), Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act ("FTCA")**

As previously mentioned, the Complaint alleges that Defendants "have engaged in deceptive practices to Plaintiffs in violation of [HOEPA], 15 U.S.C. §§ 1637, [TILA], 15 U.S.C. § 1601, Regulation Z,[8] 12 C.F.R. 226, and the [FTCA], 15 U.S.C. §§ 41-58, [but] the specifics . . . are unknown . . . ."  (docket 1-3, ¶ 35 at 10)

"The Home Ownership and Equity Protection Act of 1994 ("HOEPA") augmented TILA with additional disclosure obligations and substantive requirements for particular high-cost mortgages." *Marks v. Chicoine*, 2007 WL 1056779, at * 8 (N.D. Cal. 2007) (citing 15 U.S.C. § 1602(aa),[9] § 1639).  "Lenders must make certain warnings and

---

[8] TILA vests the Board of Governors of the Federal Reserve System with the power to promulgate regulations for the interpretation and implementation of TILA. 15 U.S.C. § 1640(a). " 'Regulation Z,' 12 C.F.R. Part 226, sets forth the various disclosure requirements imposed upon creditors covered by TILA." *In re Balko*, 348 B.R. 684, 690 n. 5 (Bkrtcy.W.D. Pa. 2006). "Such disclosure requirements include the requirement that creditors disclose the cost of credit as a dollar amount (i.e., the finance charge) and as an annual percentage rate. Other disclosures required by Regulation Z include the obligation of a creditor to provide a borrower with clear and conspicuous notice of the borrower's right to rescind the transaction in accordance with the provisions of 15 U.S.C. § 1635(a)." *Id.*

[9] HOEPA applies to:
> a consumer credit transaction that is secured by the consumer's principal dwelling, *other than a residential mortgage transaction*, a reverse mortgage transaction, or a transaction under an open end credit plan, if-(A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or (B) the total points and fees payable by the consumer at or before closing will exceed the greater of-(i) 8 percent of the total loan amount; or (ii) $ 400.

15 U.S.C. § 1602(aa) (emphasis added). Thus, "HOEPA does not apply to, *inter alia*, "residential mortgage transactions." *Booker*, 138 Fed.Appx. at 730.  HOEPA does not likely apply to Plaintiffs' loan for this additional reason but the Court has insufficient information

- 12 -

disclosures in conspicuous type size at least three business days prior to the consumma-tion of a HOEPA transaction." *Booker v. Wells Fargo Home Mortgage, Inc.*, 138 Fed. Appx. 728, 730 (6th Cir. 2005) (citing 15 U.S.C. § 1639(a)-(b)(1)). "Further, even if a loan is of the type governed by HOEPA, it is not subject to the Act's disclosure requirements unless it also features either: (a) a sufficiently high annual percentage rate ("APR"); or (b) points and fees payable at or before closing exceeding the greater of eight percent of "the total loan amount" or $400.00. *Id*. (citing 15 U.S.C. §§ 1602(aa)(1), 1639 (a)(1)).

"When enacting HOEPA . . . , Congress amended the definition of creditor by adding the last sentence of [15 U.S.C.] § 1602(f)." *Cetto v. LaSalle Bank Nat'l Ass'n*, 518 F.3d 263, 270 (4th Cir. 2008) (observing that "the first sentence of § 1602(f) requires that both elements of the two-part test be met for determinations of 'creditor' status")  The plain language of the first sentence of § 1602(f) is unambiguous in defining "creditor" to refer "only to a person who both (1) regularly extends . . . consumer credit . . . and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness. . . ." 15 U.S.C. § 1602(f).  In *Cello*, the Fourth Circuit held "the definition of 'creditor' in § 1602(f), based on traditional notions of statutory construction, the Federal Reserve Board's Regulation Z, and common sense, does not reach mortgage brokers. . . ." 518 F.3d. at 277.

Similarly, TILA "requires a 'creditor' to disclose credit terms - for example, the annual interest rate - to a borrowing consumer." *Mortensen v. Home Loan Center, Inc.*, 2009 WL 113483, * 2 (D. Ariz. 2009) (quoting *Eby v. Reb Realty, Inc.*, 495 F.2d 646, 647 (9th Cir. 1974) (citing 15 U.S.C. § 1638). "Congress through TILA sought to protect

---

at this time to decide this issue.

Even if the Court were to conclude that the HOEPA and TILA apply to this loan, from the face of Plaintiffs' Complaint, it appears that Plaintiffs' action for violations of the HOEPA and TILA is barred by the statute of limitations. An action for damages under HOEPA or TILA must be brought within one year of the violation. 15 U.S.C. § 1640(e); 12 C.F.R. § 226.23; *Wherry v. All California Funding*, 2006 WL 2038495, * 2 (N.D. Cal. 2006) (citing *In re Community Bank of Northern Virginia*, 418 F.3d 277, 305 (3d Cir. 2005)).

1  consumers' choice through full disclosure and to guard against the divergent and at times
2  fraudulent practices stemming from uninformed use of credit." *Id*. (citing *King v.*
3  *California*, 784 F.2d 910, 915 (9th Cir.1986) (citing 15 U.S.C. § 1601(a)).
4          Again, there is no allegation or even a suggestion in the Complaint or
5  Plaintiffs' Response that either Defendant ETS or Defendant MERS was a "creditor"
6  within the HOEPA and TILA definition, 15 U.S.C. § 1602(f), at any time during
7  Plaintiffs' loan transaction. Like the mortgage broker in *Cello*, neither ETS nor MERS, as
8  a trustee and nominee on a deed of trust, respectively, is a "creditor" within HOEPA and
9  TILA. Amendment of the Complaint to assert violations of HOEPA or TILA would be
10 futile. Dismissal of these claims will also be with prejudice.

11 **4. Federal and Arizona RICO Allegations**

12         Plaintiffs' Fourth Cause of Action is entitled "RICO," and appears to allege
13 that ETS and MERS violated both the federal RICO and Arizona RICO equivalent "by
14 participating in a scheme of racketeering," citing 18 U.S.C. §§ 1961 *et. seq*, and "by a
15 pattern of racketeering activity in violation of A.R.S. § 13-2314, *et. seq*. . . ." (Compl. ¶¶
16 38-40; docket # 1-3 at 10-11). Like the other deficient claims, the Complaint's RICO
17 allegations consist of only "labels and conclusions" and does not include factual
18 allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 127
19 S.Ct. at 1965.
20         In 1993, the Arizona legislature amended Arizona's Racketeer Influenced
21 and Corrupt Organizations Act ("State RICO") statute and "[made] it even more
22 analogous to its federal counterpart." *Rosier v. First Fin. Capital Corp*., 181 Ariz. 218,
23 221 n. 5, 889 P.2d 11, 14 n. 5 (Az. Ct. App. 1994); A.R.S. § 13-2314.04. With this
24 amendment, the legislature added the requirement that a plaintiff show a "pattern of
25 racketeering activity," which it defined as "[a]t least two acts of racketeering" that are
26 "related" and "continuous" - requirements established by the Supreme Court in *H.J. Inc. v.*
27 *Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989) ("It is this factor of
28 continuity plus relationship which combines to produce a pattern."); *Lifeflite Medical Air*

- 14 -

1  *Transport, Inc. v. Native American Air Services, Inc.*, 198 Ariz. 149, 152, 7 P.3d 158, 161
2  (Az. Ct. App. 2000).

3          The elements of a federal civil RICO claim are "(1) conduct (2) of an
4  enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5)
5  causing injury to the plaintiff's 'business or property.' " *Lacy v. County of Maricopa*,
6  2008 WL 312095, * 2 (D. Ariz. 2008) (citing *Grimmett v. Brown*, 75 F.3d 506, 510 (9th
7  Cir. 1996) (citing 18 U .S.C. §§ 1964(c), 1962(c)); *Sedima, S.P.R.L. v. Imrex Co., Inc.*,
8  473 U.S. 479, 496 (1985). "Illegal activities that constitute predicate acts for federal RICO
9  liability are identified in 18 U.S.C. § 1961(1)." *Lacy*, 2008 WL 312095 at * 2. A pattern
10 of racketeering requires at least two acts of racketeering activity. 18 U.S.C. § 1961(5).

11         "The Ninth Circuit has held that allegations of predicate acts under RICO
12 must comply with Rule 9(b)'s specificity requirements." *U.S. Concord, Inc. v. Harris*
13 *Graphics Corp.*, 757 F.Supp. 1053, 1061 (N.D. Cal. 1991) (citing *Schreiber Distributing*
14 *Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1400-01) (9th Cir.1986). A RICO plaintiff
15 must allege the time, place and manner of each act of fraud, and the role of each defendant
16 in the fraud or other criminal acts identified in § 1961(1). *Lancaster Commun-ity Hospital*
17 *v. Antelope Valley Hospital Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

18         Aside from the conclusory allegations that Defendants "participat[ed] in a
19 scheme of racketeering" and engaged in a "pattern of racketeering," Plaintiffs fail to
20 allege with any specificity the existence of a RICO enterprise, or the conduct of a pattern
21 of racketeering. The Court concludes that the Complaint fails to state a claim under either
22 the Arizona or federal RICO statutes. Moreover, the Court will dismiss these counts with
23 prejudice because there is no evidence or argument Defendants committed one predicate
24 criminal act, much less the requisite two, in attempting to foreclose on Plaintiffs' real
25 property.

26         **SUPPLEMENTAL JURISDICTION**

27         "Ordinarily, if all claims over which a district court has original jurisdiction
28 have been dismissed before trial in a removed action, the remaining state-law claims

1  should be remanded to state court." *Fletcher v. Solomon*, 2006 WL 3290399, * 3 (N.D.
2  Cal. 2006) (citing *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997)). A district
3  court may, however, exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over
4  the remaining state law claims.  28 U.S.C. § 1367(c); *Albingia Versicherungs A.G. v.
5  Schenker International, Inc.*, 344 F.3d 931, 937-38 (9th Cir. 2003), *as amended*, 350 F.3d
6  916 (9th Cir. 2003);  *Stuart v. City of Dillon*, 2008 WL 3887656 (D.Mont. 2008).
7               In light of the disposition with prejudice of all federal claims alleged in the
8  Complaint, the Court will defer resolution of whether to exercise supplemental juris-
9  diction over the remaining State law claim against ETS and MERS or whether remand
10 back to State court is appropriate until after Plaintiffs file, and the Court reviews, the
11 Amended Complaint. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348 (1988) (finding
12 that "a district court has discretion to remand a removed case to state court when all
13 federal-law claims have dropped out of the action and only pendent state law claims
14 remain" ).
15             Accordingly,
16             **IT IS ORDERED** that Defendant Executive Trustee Services, LLC's and
17 Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss, docket #
18 9, is **GRANTED** in part and **DENIED** in part. All federal claims and the State RICO
19 claim alleged in the Complaint (Counts Two, Three and Four) are hereby **DISMISSED**
20 with prejudice and without leave to amend. Defendants' request to expunge and vacate the
21 *lis pendens* is denied without prejudice.
22             **IT IS FURTHER ORDERED** that Plaintiffs shall file an Amended
23 Complaint limited to a State declaratory judgment action (Count One) as to Defendants
24 ETS and MERS and any claims they may have against the other Defendants and
25 Intervenor JP Morgan Chase on or before **Monday, March 9, 2009**. Plaintiffs' counsel
26 are reminded of their obligations under Rule 11(b)(2), FED.R.CIV.P.
27             **IT IS FURTHER ORDERED** that the Clerk is hereby directed to dismiss
28 this case with prejudice, vacate the Notice of *Lis Pendens* Plaintiffs filed with the

1  Maricopa County Recorder and terminate this case in its entirety if Plaintiffs do not file
2  an Amended Complaint on or before **Monday, March 9, 2009**.
3     DATED this 23rd day of February, 2009.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge