LAW OFFICES
**KELHOFFER, MANOLIO & FIRESTONE, PLC**
9300 E. RAINTREE DRIVE, SUITE 120
SCOTTSDALE, ARIZONA 85260
(480) 222-9100
drenteria@kmflawfirm.com
Merrick B. Firestone, SB #012138
Veronica L. Manolio, SB #020230
*Attorneys for Plaintiffs*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Arnoldo Castro and Elizabeth Gutierrez, husband and wife,<br><br>Plaintiffs,<br>v.<br><br>Executive Trustee Services, LLC;<br>Mortgage Electronic Registration Systems, Inc.;<br>JP Morgan Chase, NA; and, Deutsche Bank Trust Company Americas as Trustee,<br><br>Defendants. | Case No.   08-cv-02156-LOA<br><br>**FIRST AMENDED COMPLAINT**<br><br>(The Honorable Lawrence O. Anderson) |

For its complaint against the Defendants, Plaintiffs Arnoldo Castro and Elizabeth Gutierrez hereby allege as follows:

**GENERAL ALLEGATIONS**

1. Plaintiffs, Arnoldo Castro and Elizabeth Gutierrez, are husband and wife and reside in Maricopa County, Arizona.

2. Attached to the original complaint (on file) as Exhibit 1 is a Notice of Trustee's Sale regarding real property commonly known as 6012 S. 43rd Drive, Laveen, AZ  85339, ("the subject property") which is located in Maricopa County, Arizona.

3. Plaintiffs are true and legal the owners in fee of the subject property.

4. Defendant Executive Trustee Services LLC is the Trustee named in Exhibit 1 who both sent the Notice of Trustee Sale and then later effectuated the Trustee Sale (during this lawsuit).

5.      Defendant Mortgage Electronic Registration, Inc. ("MERS") is the "nominee" and alleged beneficiary named in Exhibit 1.  MERS acted as the natural person or entity that directed the Trustee to proceed under a power of sale to foreclose.

6.      Upon information and belief, the original Lender on the subject property and related to the Deed of Trust in question was "Home Loan Corporation dba Expanded Mortgage Credit," a Texas corporation.

7.      Upon information and belief, Home Loan Corporation dba Expanded Mortgage Credit "sold" or otherwise transferred the Deed of Trust on the subject property at least once.

8.      For at least some period of time, Washington Mutual, N.A., a national bank, was known to Plaintiffs as the "servicer," "Lender," or "Beneficiary" on the Deed of Trust and, upon information and belief, Washington Mutual, N.A. was "closed" or placed into Receivership of the Federal Deposit Insurance Corporation ("FDIC").

9.      Upon information and belief, prior to being placed into Receivership of the FDIC, Washington Mutual claimed to be a lienholder on the subject property and was named in this action as Washington Mutual would have been affected by the outcome of this action.

10.     During the course of this case, and upon information and belief, Defendant JP Morgan somehow "took over" the rights of Washington Mutual.  In its proposed Answer to the original Complaint, Defendant JP Morgan Chase now claims to be the "holder of the note" on the subject property, claims to be a "lienholder," and purports to acts as Washington Mutual's successor-in-interest regarding the subject property.

11.     Defendant JP Morgan Chase, a national association, is named in this matter as it will be affected by claim of its purported rights as the "holder of the note" on the subject property.

12.     Upon information and belief, the original Trustee on the subject property and related to the Deed of Trust in question was "Ryland Title-AZ," an Arizona business entity.

13.     Upon information and belief, Ryland Title assigned or otherwise transferred its rights as the Trustee on the subject property at least once.

14. Based on the Notice of Trustee Sale given to the Plaintiffs, and based on Plaintiffs' sheer inability to determine who the proper Trustee, Lender, Servicer, Beneficiary were, and/or who properly held the Note and the Deed of Trust on the subject property, Plaintiffs made written demand on Executive Trustee Services LLC to suspend the sale of the property or to provide proof of the basis of the right of Mortgage Electronic Registration (or any other party) to initiate foreclosure under the security instrument referred to in Exhibit 1.

15. Plaintiffs, through their attorneys, further demanded a detailed accounting of how the stated amount necessary to be paid to redeem the property from foreclosure has been calculated so that Plaintiffs could adequately evaluate their rights under the law with a presale right of redemption. Plaintiffs were, at all times, deprived from determining whether any or all of the charges included in their payoff demand were justified, appropriate and proper under the terms of obligation evidenced by the negotiable instrument secured by the security instrument

16. Executive Trustee Services LLC failed and refused to suspend the foreclosure sale, and Executive Trustee Services, LLC failed to provide any proof of the right(s) to foreclose.

17. Despite the demands for written proof, and despite this litigation, no Defendant (Executive Trustee Services, LLC, MERS, nor JP Morgan Chase) has provided any proof or even an avowal that it actually has in its possession the original note properly endorsed to it or assigned to it as of a date preceding the notice of default recorded by Executive Trustee Services LLC.

18. Despite the demands for written proof, and despite this litigation having been filed on October 21, 2008 (and served on the Trustee on October 22, 2008, served on MERS on or about October 27, 2008, and served on Washington Mutual on or about October 27, 2008), Defendants Executive Trustee Services LLC and MERS proceeded with a Trustee Sale on October 31, 2008 and "sold" the subject property.

19. Because of the actions of Defendants Executive Trustee Services, LLC and MERS, Defendant Deutsche Bank Trust Company Americas as Trustee claims to have "purchased" the subject property while Defendant JP Morgan Chase claims to be the holder of the note.

20. Defendant Deutsche Bank Trust Company Americas as Trustee is named here as a party that will be affected by the rights of the parties and as it was not a *bona fide* purchaser.

21. Since the completion of the Trustee Sale, Defendant Deutsche Bank Trust Company America as Trustee has initiated a Forcible Detainer Action/proceedings ("FED") in the Superior Court in and for Maricopa County (CV2008-030802, before the Honorable Robert H. Oberbillig), and has attempted to forcibly remove the Plaintiffs from their home.

22. Upon information and belief, MERS was never the holder of the note identified in the security instrument, was never in possession of the original note, never had the note properly endorsed to it, and never was entitled by law to initiate and complete the foreclosure.

23. Upon information and belief, JP Morgan Chase still claims it is the "holder of the note," and has some rights that would have been extinguished by the foreclosure.

24. Upon information and belief, Defendant Deutsche Bank Trust Company America as Trustee claims to "own" the property without having shown that the foreclosure was ever proper.

25. In pursuing and completing the non-judicial foreclosure, Defendants misrepresented that they had the right to payment under the note, payment of which was secured by the security instrument that is identified in Exhibit 1 to this Complaint.

26. The true facts were that no Defendant was ever in possession of the note and were neither holders of the note or non-holders of the note entitled to payment, as those terms are used in the Uniform Commercial Code §§ 3301, 3309 (as codified in the Arizona Revised Statutes ("ARS") §47-3101, *et. al.*). Therefore, Defendants proceeded to foreclose without any right under the law. Further, Defendants added costs and charges to the payoff amount of the note that were not justified and proper under the terms of the note or the law.

27. As a result of the actions pled here, Plaintiffs have been damaged in having to hire attorneys before bringing this action and to bring this action to enjoin the threatened non-judicial foreclosure of the subject real property. Plaintiffs have been damaged by having to defend the FED action while the foreclosure was improper in the first place.

**JURISDICTION AND VENUE**

28. Plaintiffs reside in Maricopa County, Arizona and originally filed this matter in the Superior Court for Maricopa County. Defendants Executive Trustee Services, LLC and MERS removed this matter to this federal court claiming that federal question jurisdiction justified removal.

29. Plaintiffs did not dispute the jurisdiction of this Court (nor that this is the proper venue) as the claims originally involved federal questions. Given the current posture of this case, Plaintiffs believe the remaining actions to be based in state law (Arizona) and to be properly resolved by the Superior Court. Nonetheless, should this Court choose to exercise supplemental jurisdiction, Plaintiffs will not dispute this federal Court's choice to do so and fully submit to jurisdiction here.

30. Should the federal court exercise jurisdiction over this case, Plaintiffs agree that this is the proper venue for this matter.

**CAUSES OF ACTION**

**COUNT ONE - DECLARATORY RELIEF**
**(Against all Defendants)**

31. Plaintiffs incorporate each of the allegations set forth in the foregoing paragraphs by this reference as if fully set forth verbatim in this Count.

32. Pursuant to A.R.S. §12-1831, *et seq.* (and/or 28 U.S.C. §2201), the Court has the power to declare the rights, status and other legal relations of the parties as it pertains Plaintiffs' real property which is at issue between the parties.

33. There is now existing between the parties involved in this proceeding an actual justiciable controversy in which Plaintiffs are entitled to have a declaration of their rights, status and other legal relations in regard to the real property described in Exhibit 1 to the original Complaint and the illegal claims of title by these Defendants. *See*, A.R.S. §12-1832, 28 U.S.C. §2201.

34. As a result of the (mis)conduct described in this Complaint, Plaintiffs are entitled to a Declaration that Defendants Executive Trustee Services, LLC and MERS were not entitled to enforce the promissory Note or Deed of Trust described in the security instrument at issue here.

35. Particularly, as Defendant JP Morgan Chase claims to be the current "holder of the note" on the subject property, then Executive Trustee Services, LLC and/or MERS were never the holder in due course entitled to complete the Trustee Sale. *See*, A.R.S. §47-3301; *see also, e.g.,* A.R.S. §47-3309 (No party set forth its rights to enforce a lost, destroyed or stolen instrument either.)

36. Because Defendants were not entitled to enforce the underlying promissory note described in the security instrument, Plaintiffs specifically seek a Declaration that Defendants had no legal claim to title on the real property identified at the time they completed the Trustee Sale (on or about October 31, 2008).

37. As Defendants Executive Trustee Services, LLC and MERS had no legal claim to title on the subject property at the time of the Trustee's Sale, such sale was invalid as a matter of law. Plaintiff therefore seeks a further declaration that the Trustee's Sale conducted on the subject property on or about October 31, 2008 was invalid and, thus, null and void.

38. Because the Trustee's Sale was invalid *ab initio*, Plaintiff seeks a declaration that Defendant Deutsche Bank Trust Company America as Trustee was not a *bona fide* purchaser for value of the subject property.

### COUNT TWO - WRONGFUL FORECLOSURE
**(Against Defendants Executive Trustee Services, LLC and MERS only)**

39. Plaintiffs incorporate each of the allegations set forth in the foregoing paragraphs by this reference as if fully set forth verbatim in this Count.

40. Arizona recognizes the tort, separate and apart from any contractual action, of a "Wrongful Foreclosure." *See, Herring v. Countrywide Home Loans, Inc.*, 2007 WL 2051394 (D.Ariz. 2007); *see also, Heritage Creek Development Corp. v. Colonial Bank*, 601 S.E.2d 842 (Ga.App.Ct. 2004) (Wrongful foreclosure is a tort to be recognized in Arizona that provides compensable damages for a party that breaches the duty to "exercise fairly and in good faith" in executing "the power of sale in a deed to secure a debt.")

41. Through the conduct described in this Complaint, Executive Trustee Services, LLC

and MERS failed to act fairly and in good faith prior to completing the Trustee Sale on the subject property. The failure to act in good faith here includes *inter alia*, failing to search for "proof" of the original Note, failing to identify the current Beneficiary under the Note and/or the Deed of Trust, failing to provide the Plaintiffs' requested accounting, and failing to even acknowledge the request(s) made by the Plaintiffs. Defendants Executive Trustee Services, LLC and MERS have also acted in bad faith by failing to advise Defendant Deutsche Bank Trust Company America as Trustee of the pending litigation and/or the recorded *Lis Pendens* when they provided that Defendant with a Trustee's Deed Upon Sale for the subject property.

42. Defendants Executive Trustee Services, LLC and/or MERS have continued to act in bad faith by failing to investigate and/or determine the veracity of allegations by JP Morgan Chase that it is the holder of the note or the beneficiary under the note that Defendants Executive Trustee Services, LLC and/or MERS purported to act when the sold the Plaintiffs' home.

43. As a direct and proximate result of the Wrongful Foreclosure, Plaintiffs have been harmed by having to hire counsel, to defend both the Forcible Detainer action in Superior Court and to prosecute claims in this Court. Plaintiffs are entitled to damages for these actions, including but not limited to all of the attorneys' fees and costs incurred herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that:

A. This Court Declare that the Trustee Sale held on or about October 31, 2008 is void, as a matter of law;

B. This court declare that Defendant Deutsche Bank Trust Company America as Trustee was not a *bona fide* purchaser for value of the subject property due to the invalidity of the Trustee's Sale;

C. This court issue an order requiring Defendants to deed back to Plaintiff the subject property;

D. The Court find that the Trustee Sale and other acts constitute Wrongful Foreclosure;

| | | |
|---|---|---|
|1| E. | Plaintiff be awarded monetary damages against Defendants, jointly and severally, for |
|2| | being forced to file and litigate this action; |
|3| F. | This court declare Defendant Deutsche Bank Trust Company America as Trustee |
|4| | actions in initiating a Forcible Detainer to be unlawful and frivolous litigation and |
|5| | award fees for that matter as well; |
|6| G. | Attorneys' fees be awarded to Plaintiff as may be permitted by law; |
|7| H. | That prejudgment interest be awarded to Plaintiff as permitted by law; and |
|8| I. | For such other and further equitable relief, declaratory relief and legal damages as |
|9| | may be permitted by law and as the court may consider just and proper. |

Dated this 9th day of March, 2009.

**KELHOFFER, MANOLIO
& FIRESTONE, PLC**


 /s/   Veronica L. Manolio
Veronica L. Manolio
9300 East Raintree Drive, Suite 120
Scottsdale, Arizona 85260
*Attorneys for Plaintiff*

**ORIGINAL** filed electronically with the Clerk's Office
and **COPIES** electronically transmitted to the following
CM/ECF registrants on this 9th day of March, 2009 to

Jason L. Sanders
Jsanders@lockelord.com
*Attorneys for Certain Defendants*

Mr. Roger Foote
Jackson White
Rfoote@jacksonwhitelaw.com
*Counsel for JP Morgan Chase*

**COURTESY** copy sent, and to be served:

Douglas A. Toleno
dtoleno@piteduncan.com
*Counsel for Deutsche Bank Trust Americas as Trustee*

By: /s/ Diana Renteria