LOCKE LORD BISSELL & LIDDELL LLP
Jason L. Sanders (SBN: 022679)
jsanders@lockelord.com
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

Attorneys for Defendants
Executive Trustee Services, LLC, Mortgage Electronic Registration Systems, Inc., and Deutsche Bank Trust Company Americas as Trustee

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| Arnoldo Castro and Elizabeth Gutierrez, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Executive Trustee Services, LLC; et al.,<br><br>Defendants. | Case No. 08-CV-2156<br><br>Magistrate Judge Lawrence O. Anderson<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants Executive Trustee Services, LLC ("ETS"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Deutsche Bank Trust Company Americas as Trustee (the "Trustee") for that certain real estate mortgage investment conduit created by a pooling and servicing agreement dated November 1, 2007 (the "PSA") and known as the RALI Series 2006-QA10 Trust (the "Trust") (collectively, ETS, MERS and the Trustee are referred to herein as the "First Loan Defendants"), upon a reasonable inquiry, answer and assert affirmative defenses to the First Amended Complaint filed by Plaintiffs Arnoldo Castro and Elizabeth Gutierrez as follows:

1

## GENERAL ALLEGATIONS

1. The First Loan Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. The First Loan Defendants admit that a Notice of Trustee's Sale of real property located at 6012 South 43rd Drive in Laveen, Arizona 85339 (the "Subject Property") is attached to Plaintiffs' original complaint in this action as Exhibit 1. The First Loan Defendants deny that any exhibits are attached to the First Amended Complaint. The First Loan Defendants additionally admit that the Subject Property is located in Maricopa County, Arizona. The First Loan Defendants deny any remaining allegations in paragraph 2.

3. The First Loan Defendants deny that Plaintiffs are the owners in fee of the Subject Property. Plaintiffs took out two loans secured by the Subject Property. On or about July 27, 2006, Home Loan Corporation d/b/a Expanded Mortgage Credit loaned Plaintiffs $240,000 ("Loan 1"). Loan 1 is evidenced by a promissory note in the original principal amount of $240,000 (the "Loan 1 Note"), and secured by a deed of trust (the "First Deed of Trust"). MERS is the nominee for the lender and the lender's successors and assigns, as well as the beneficiary, pursuant to the terms of the First Deed of Trust. Plaintiffs also borrowed $60,000 from Home Loan Corporation d/b/a Expanded Mortgage Credit secured by a second deed of trust on the Subject Property on or about July 27, 2006 ("Loan 2").

Loan 1 was sold to the Trustee on or about November 2006. Plaintiffs failed to make their payments on the dates and in the amounts required by their agreements related to Loan 1, and a Notice of Trustee's Sale was recorded on July 21, 2008 by ETS (the trustee on the First Deed of Trust). Title to the Subject Property was transferred to the Trustee at a nonjudicial foreclosure sale on October 31, 2008. Accordingly, the Trustee is the owner of the Subject Property.

4. The First Loan Defendants admit that ETS is the trustee on the deed of trust named in the Notice of Trustee's Sale attached to Plaintiffs' original complaint in this action as Exhibit 1. The First Loan Defendants admit that ETS sent the Notice of Trustee's Sale

2

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT
*Castro et al. v. Executive Trustee Services, LLC, et al.*, Case No. 08-CV-2156

Locke Lord Bissell & Liddell LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776

attached to Plaintiffs' original complaint in this action as Exhibit 1 to Plaintiffs on or about July 21, 2008. Plaintiffs did not initiate this lawsuit until October 21, 2008, one day before the Notice of Trustee's Sale indicated that the trustee's sale would take place. ETS effectuated the Trustee's Sale on October 31, 2008. The First Loan Defendants deny any remaining allegations in paragraph 4.

5. The First Loan Defendants admit that MERS is the beneficiary named in the Notice of Trustee's Sale attached to Plaintiffs' original complaint in this action as Exhibit 1. The First Deed of Trust identifies MERS as the nominee for the lender and the lender's successors and assigns, as well as the beneficiary under the First Deed of Trust. MERS did not direct ETS to foreclose the First Deed of Trust on behalf of the Trustee. Pursuant to a Pooling and Servicing Agreement between the Trustee and Residential Funding Company, LLC ("RFC"), RFC was the Master Servicer of Loan 1. Homecomings Financial, LLC ("Homecomings"), pursuant to authority delegated to it by RFC as Master Servicer, was the subservicer for the loans held by the Trustee, including Loan 1. Acting in this role, Homecomings directed ETS to effectuate a non-judicial foreclosure of the First Deed of Trust due to Plaintiffs' default. Homecomings is a member of MERS and is authorized to act in the name of MERS, as well as on behalf of the Trust and Trustee. The First Loan Defendants deny any remaining allegations in paragraph 5.

6. The First Loan Defendants admit that the original lender on the $240,000 loan, secured by the First Deed of Trust, was Home Loan Corporation d/b/a Expanded Mortgage Credit. Defendants lack knowledge or information sufficient to form a belief as to the state in which Home Loan Corporation d/b/a Expanded Mortgage Credit is incorporated. The First Loan Defendants deny any remaining allegations in paragraph 6.

7. The First Loan Defendants deny that the First Deed of Trust was "sold." This allegation does not make sense – the underlying obligation, evidenced by the Loan 1 Note, was sold and assigned. The First Deed of Trust secures that obligation. The assignee of a debt receives with it the assignment of the security for that debt. The First Loan Defendants

3

admit that Home Loan Corporation d/b/a Expanded Mortgage Credit sold its rights under the Loan 1 Note. The First Loan Defendants deny any remaining allegations in paragraph 7.

8. The First Loan Defendants deny that Washington Mutual, N.A. played any role at all in relation to Loan 1, whether as servicer, lender, or beneficiary on the deed of trust. The First Loan Defendants lack knowledge or information sufficient to form a belief as to whether or not Washington Mutual, N.A. played any of these roles in relation to Loan 2. The First Loan Defendants also lack knowledge or information sufficient to form a belief as to whether or not Washington Mutual, N.A. was "'closed' or placed into Receivership of the Federal Deposit Insurance Corporation ("FDIC")." The First Loan Defendants deny any remaining allegations in paragraph 8.

9. The First Loan Defendants deny that Washington Mutual participated in any way in this litigation. The First Loan Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 9.

10. The First Loan Defendants admit that Defendant JP Morgan Chase, N.A. ("JP Morgan") filed a Motion to Intervene and a Proposed Answer in this action on or about February 11, 2009, and that in its Motion to Intervene JP Morgan claimed to have an interest in the Subject Property. The First Loan Defendants admit that JP Morgan claimed to be "the holder of the note and therefore … a lienholder" in its proposed answer, but that JP Morgan did not specify in which of the two loans taken out by Plaintiffs it claimed an interest. The First Loan Defendants deny that JP Morgan has any interest whatsoever in Loan 1. On information and belief, JP Morgan is the current holder, or agent for the holder, of the promissory note evidencing Loan 2. The First Loan Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11. The First Loan Defendants deny that JP Morgan has any interest whatsoever in Loan 1.

Locke Lord Bissell & Liddell LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776

4

12. The First Loan Defendants admit that the First Deed of Trust lists Ryland Title-AZ as the trustee on the First Deed of Trust. The First Loan Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 12.

13. The First Loan Defendants admit that Ryland Title-AZ is no longer the trustee on the First Deed of Trust. The First Loan Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 13.

14. The First Loan Defendants deny that ETS or any other First Loan Defendant received a written demand from Plaintiffs to "suspend the sale of the property or to provide proof of the basis of the right of [MERS] (or any other party) to initiate foreclosure under the security instrument referred to in Exhibit 1." The First Loan Defendants deny that Plaintiffs were without appropriate avenues to determine who owned or held the Loan 1 Note or the identity of the beneficiary under the First Deed of Trust. The First Loan Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 14.

15. The First Loan Defendants deny that they received a demand for a detailed accounting from Plaintiffs or counsel for Plaintiffs, and further deny that Plaintiffs were "deprived from determining" whether the amount of the payoff demand was "justified, appropriate and proper." The First Loan Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 15.

16. Denied. ETS delayed the foreclosure sale resulting from Plaintiffs' default on Loan 1 by nine days, and completed the foreclosure sale on October 31, 2008. The First Loan Defendants incorporate their answer to paragraph 14, and deny that ETS was under any obligation or duty to provide Plaintiffs with proof of its right to foreclose, or authority to conduct non-judicial foreclosure proceedings on behalf of the Trustee.

17. The First Loan Defendants incorporate their answers to paragraphs 14-16, and deny that they received any "demand for written proof." The First Loan Defendants deny

Locke Lord Bissell & Liddell LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776

that they had an obligation or duty to provide Plaintiffs with proof of possession of the original Loan 1 Note in order to effectuate a nonjudicial foreclosure under Arizona law. The original Loan 1 Note is in the possession of its holder, the Trustee. ETS acted at all times with complete authority to act on behalf of the Trustee. All actions taken in the name of MERS were taken with authority to act in the name of MERS.

18. The First Loan Defendants incorporate their answers to paragraphs 14-17, and deny that they received any "demand for written proof." The First Loan Defendants admit that this litigation was filed on October 21, 2008, that ETS was served with the original complaint on October 22, 2008, and that MERS was served with the original complaint on October 27, 2008. The First Loan Defendants lack knowledge or information sufficient to form a belief as to the date on which Washington Mutual was served with the original Complaint. The First Loan Defendants admit that a Trustee's Sale was held on October 31, 2008 as a result of Plaintiffs' failure to make payments required under the terms of the agreements related to Loan 1, and that the Trustee purchased the Subject Property at that sale. The First Loan Defendants deny any remaining allegations in paragraph 18.

19. The First Loan Defendants admit that the Trustee purchased the Subject Property at the nonjudicial foreclosure sale resulting from Plaintiffs' failure to make payments as agreed in the agreements related to Loan 1 on October 31, 2008. The First Loan Defendants admit that JP Morgan claimed to be "the holder of the note and therefore … a lienholder" in its proposed answer filed on or about February 11, 2009, but that JP Morgan did not specify in which of the two loans taken out by Plaintiffs it claimed an interest. The First Loan Defendants deny that JP Morgan has any interest whatsoever in Loan 1. The First Loan Defendants deny any remaining allegations in paragraph 19.

20. The First Loan Defendants deny that the Trustee was not a bona fide purchaser. However, the First Loan Defendants are not required to speculate as to why Plaintiffs named the Trustee as a defendant in this action.

6

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT
*Castro et al. v. Executive Trustee Services, LLC, et al.*, Case No. 08-CV-2156

21.     The First Loan Defendants admit that the Trustee, who purchased the Subject Property at a lawful nonjudicial foreclosure sale on October 31, 2008, initiated an unlawful detainer action against Plaintiffs in the Superior Court of Arizona for the County of Maricopa on or about December 4, 2008, and that this case was given case number CV2008-030802. The First Loan Defendants deny that the unlawful detainer case is pending before the Honorable Robert H. Oberbillig. The First Loan Defendants deny that the Trustee has taken any other action to remove Plaintiffs from the home, despite the fact that Plaintiffs failed to make payments as agreed in relation to Loan 1 and the fact that the Trustee is now the lawful owner of the Subject Property.

22.     The First Loan Defendants admit that MERS was never the holder of the Note signed by Plaintiffs, that MERS was never in possession of the original Note, and that the Note was never endorsed to MERS. The First Loan Defendants deny that MERS was never entitled to direct the foreclosure of Loan 1. MERS was the nominee for the Loan 1 lender and the lender's successors and assigns, as well as the beneficiary under the First Deed of Trust. As such, MERS was explicitly authorized by Plaintiffs to foreclose and sell the Subject Property. In addition, MERS was authorized by the holder to foreclosure the lender's interest pursuant to the First Deed of Trust when Plaintiffs defaulted on their obligations under the Note.

23.     The First Loan Defendants admit that JP Morgan claimed to be "the holder of the note and therefore … a lienholder" in its proposed answer filed on or about February 11, 2009, but that JP Morgan did not specify in which of the two loans taken out by Plaintiffs it claimed an interest. The First Loan Defendants deny that JP Morgan has any interest whatsoever in Loan 1. The First Loan Defendants lack knowledge or information sufficient to form a belief as any remaining allegations in paragraph 23.

24.     The First Loan Defendants admit that the Trustee purchased the Subject Property at the nonjudicial foreclosure sale initiated after Plaintiffs' default on Loan 1 on October 31, 2008. The First Loan Defendants deny that they had an obligation or duty to

7

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT
*Castro et al. v. Executive Trustee Services, LLC, et al.*, Case No. 08-CV-2156

provide Plaintiffs with proof of possession of the original note in order to effectuate a nonjudicial foreclosure under Arizona law. The First Loan Defendants deny any remaining allegations in paragraph 24.

25. To the extent the allegations in paragraph 25 are directed at the First Loan Defendants, they are denied.

26. To the extent the allegations in paragraph 26 are directed at the First Loan Defendants, they are denied. The Trustee was the holder of the Loan 1 Note at the time that the Notice of Default and the Notice of Trustee's Sale were sent, as well as at the time of the nonjudicial foreclosure sale. ETS acted at all times pursuant to a lawful delegation of authority from the PSA governing the Trust into which Loan 1 was transferred.

27. The First Loan Defendants deny the allegations in paragraph 27. The First Loan Defendants deny the allegations in the prayer for relief on pages 7 and 8 of the First Amended Complaint, and further deny that Plaintiffs are entitled to any of the relief they seek in the prayer for relief.

## JURISDICTION AND VENUE

28. The First Loan Defendants lack knowledge or information sufficient to form a belief as to the county in which Plaintiffs currently reside. The First Loan Defendants admit that Plaintiffs originally filed this action in the Superior Court of the State of Arizona for the County of Maricopa, and that ETS and MERS removed this action to this Court on the basis that certain claims brought by Plaintiffs were based on federal law.

29. The First Loan Defendants admit that Plaintiffs have not contested the jurisdiction of this Court, and have not argued that this Court is an improper venue. The First Loan Defendants are not required to speculate as to the remaining allegations in paragraph 29.

30. The First Loan Defendants are not required to speculate as to Plaintiffs' position on venue.

///

Locke Lord Bissell & Liddell LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776

## CAUSES OF ACTION

### COUNT ONE – DECLARATORY RELIEF
**(Against all Defendants)**

31. The First Loan Defendants incorporate and adopt by reference their responses to paragraphs 1-30 as their response to paragraph 31.

32. The allegations in paragraph 32 are legal conclusions and/or arguments to which no response is required. In addition, paragraph 32 purports to summarize and/or construe several provisions of Arizona and federal law, which speak for themselves. To the extent any response is required, the First Loan Defendants deny the allegations of paragraph 32.

33. The allegations in paragraph 33 are legal conclusions and/or arguments to which no response is required. In addition, paragraph 33 purports to summarize and/or construe several provisions of Arizona and federal law, which speak for themselves. To the extent any response is required, the First Loan Defendants deny the allegations of paragraph 33.

34. The allegations in paragraph 34 are legal conclusions and/or arguments to which no response is required. To the extent any response is required, the First Loan Defendants deny the allegations of paragraph 34.

35. The allegations in paragraph 35 are legal conclusions and/or arguments to which no response is required. In addition, paragraph 35 purports to summarize and/or construe several provisions of Arizona and federal law, which speak for themselves. To the extent any response is required, the First Loan Defendants deny the allegations of paragraph 35.

36. The allegations in paragraph 36 are legal conclusions and/or arguments to which no response is required. To the extent any response is required, the First Loan Defendants deny the allegations of paragraph 36. The First Loan Defendants were in fact authorized to foreclose the First Deed of Trust following Plaintiffs' default on Loan 1.

9

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT
*Castro et al. v. Executive Trustee Services, LLC, et al.*, Case No. 08-CV-2156

Locke Lord Bissell & Liddell LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776

37. The allegations in paragraph 37 are legal conclusions and/or arguments to which no response is required. To the extent any response is required, the First Loan Defendants deny the allegations of paragraph 37. The October 31, 2008 nonjudicial foreclosure sale was valid because the First Loan Defendants were authorized to foreclose the First Deed of Trust following Plaintiffs' default on Loan 1.

38. The allegations in paragraph 38 are legal conclusions and/or arguments to which no response is required. To the extent any response is required, the First Loan Defendants deny the allegations of paragraph 38. The Trustee is a bona fide purchaser for value of the Subject Property because the nonjudicial foreclosure sale held on October 31, 2008 was valid and lawful.

## COUNT TWO – WRONGFUL FORECLOSURE
**(Against Defendants Executive Trustee Services, LLC and MERS only)**

39. ETS and MERS incorporate and adopt by reference their responses to paragraphs 1-38 as their response to paragraph 39.

40. The allegations in paragraph 40 are legal conclusions and/or arguments to which no response is required. In addition, paragraph 40 purports to summarize and/or construe state and federal case law, which speaks for itself. To the extent any response is required, ETS and MERS admit that the one Arizona case and one Georgia case cited by Plaintiffs in paragraph 40 purport to recognize the tort of "wrongful foreclosure," but deny that the foreclosure they conducted on behalf of the Trustee was "wrongful" or tortious in any way.

41. The allegations in paragraph 41 are legal conclusions and/or arguments to which no response is required. To the extent any response is required, ETS and MERS deny the allegations of paragraph 41.

42. The allegations in paragraph 42 are legal conclusions and/or arguments to which no response is required. To the extent any response is required, ETS and MERS deny the allegations of paragraph 42. In fact, ETS and MERS have clearly done more to

10

investigate the roles of the various defendants in this case than Plaintiffs themselves, who inexplicably fail to explain in their Complaint that they took out two separate loans secured by the Subject Property. There is nothing "wrongful" about the two loans being held by different companies.

43. The allegations in paragraph 43 are legal conclusions and/or arguments to which no response is required. To the extent any response is required, ETS and MERS deny the allegations of paragraph 43. Plaintiffs have lived in their home without making payments as agreed and thus have benefited from the delay occasioned by this lawsuit.

## AFFIRMATIVE DEFENSES

1. <u>Good Faith Compliance With Applicable State And Federal Laws</u>. The First Loan Defendants acted at all relevant times in good faith and in compliance with all applicable state and federal laws, including but not limited to A.R.S. §§ 33-801 to 821.

2. <u>Authority to Foreclose</u>. The First Loan Defendants were entitled to foreclose the First Deed of Trust. The Trustee was the holder of the Loan 1 Note at all relevant times. Loan 1 was sold by Home Loan Corporation d/b/a Expanded Mortgage Credit to the Trustee in or around November 2006. An allonge to the Loan 1 Note identifies the Trustee as the holder of the Loan 1 Note prior to the valid trustee's sale.

ETS and MERS were authorized to direct and effectuate foreclosure of the First Deed of Trust on behalf of the Trustee due to Plaintiffs' default on their loan. Pursuant to a Pooling and Servicing Agreement between the Trustee and Residential Funding Company, LLC ("RFC"), RFC was the Master Servicer of Loan 1. Homecomings Financial, LLC ("Homecomings"), pursuant to authority delegated to it by RFC as Master Servicer, was the subservicer for the loans held by the Trustee, including Loan 1. Acting in this role, Homecomings directed ETS to effectuate a non-judicial foreclosure of the First Deed of Trust due to Plaintiffs' default.

The First Deed of Trust identifies MERS as the nominee for the lender and the lender's successors and assigns, as well as the beneficiary under the First Deed of Trust. In

11

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT
*Castro et al. v. Executive Trustee Services, LLC, et al.*, Case No. 08-CV-2156

addition, Homecomings is a member of MERS and is authorized to act in the name of MERS, as well as on behalf of the Trust and Trustee. Because each of the First Loan Defendants was entitled to foreclose the First Deed of Trust, Plaintiffs' claims are without merit.

   3.   <u>Waiver Pursuant to Arizona Revised Statutes § 33-811(C)</u>.  Pursuant to Arizona Revised Statutes § 33-811(C), Plaintiffs have waived all defenses and objections to the nonjudicial foreclosure sale because they were not "raised in an action that results in the issuance of a court order granting [injunctive] relief … entered before 5:00 p.m. Mountain standard time on the last business day before the scheduled date of the sale.  Plaintiffs had actual knowledge of the pending nonjudicial foreclosure sale and in fact initiated this proceeding prior to the sale, but failed to obtain an order granting injunctive relief prior to the sale.

   4.   <u>Failure To Tender Amount Due Under Note</u>.  Equitable relief is not available to Plaintiffs because Plaintiffs have not tendered their obligation pursuant to the Loan 1 Note in full.  In fact, Plaintiffs are in default of their obligations pursuant to the Loan 1 Note and First Deed of Trust due to their failure to make payments in the amounts and when due pursuant to those agreements.  Ninth Circuit law requires that a plaintiff must do equity in order to receive equity, including tender of the obligation due pursuant to a note prior to seeking equitable relief related to it.

   5.   <u>Lack of Proximate Causation</u>.  To the extent Plaintiffs sustained any injury, damage or loss, it was caused in whole or in part by: (a) Plaintiffs' failure to pay the amounts due on their loan, and not by any actions of the First Loan Defendants; or (b) Plaintiffs' failure to perform a reasonable investigation into the facts and relevant law before filing either the original complaint in this action or the First Amended Complaint.

   6.   <u>Express Agreement</u>.  Plaintiffs have expressly agreed that MERS would be authorized to foreclose the First Deed of Trust and sell the Subject Property if Plaintiffs defaulted on their obligations under the Loan 1 Note.

Locke Lord Bissell & Liddell LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776

7. <u>Unauthorized Claim in Amended Complaint</u>. This Court's February 23, 2009 Order dismissed many of the claims brought by Plaintiffs in their original complaint with prejudice. The Court granted Plaintiffs a limited opportunity to re-plead. Plaintiffs were given leave to file and amended complaint "limited to a State declaratory judgment action (Count One) as to Defendants ETS and MERS." Despite this express limitation on claims to be brought against ETS and MERS in the Amended Complaint, Plaintiffs' First Amended Complaint brings a cause of action for "wrongful foreclosure" for damages in addition to a declaratory judgment action.

8. <u>Failure to State A Claim</u>. Plaintiffs have failed to state a claim for either declaratory relief or "wrongful foreclosure." Arizona law does not require a servicer or trustee under a deed to trust to "produce the note" to the borrower prior to commencing a non-judicial foreclosure. Moreover, Arizona law does not require a servicer or trustee under a deed of trust to first obtain the original promissory note from its owner or holder prior to commencing non-judicial foreclosure proceedings on behalf of the owner or holder. In addition, Plaintiffs have not suffered any damages, and have improperly lumped all defendants together throughout their First Amended Complaint such that the First Loan Defendants cannot determine which defendants are alleged to have engaged in which purportedly unlawful conduct.

9. <u>Estoppel</u>. The claims asserted by Plaintiffs are barred, in whole or in part, by the doctrine of estoppel.

10. <u>Unclean Hands</u>. The claims asserted by Plaintiffs are barred, in whole or in part, by the doctrine of unclean hands.

11. <u>Failure to Mitigate</u>. The claims asserted by Plaintiffs are barred, in whole or in part, because Plaintiffs have failed and refused to mitigate damages.

12. <u>Reservation of Unknown Defenses</u>. The First Loan Defendants expressly reserve the right to raise additional affirmative defenses as may be established during discovery and by the evidence in the case.

WHEREFORE, Defendants Executive Trustee Services, LLC, Mortgage Electronic Registration Systems, Inc., and Deutsche Bank Trust Company Americas as Trustee deny that Plaintiffs are entitled to judgment or relief in any amount or of any type and ask that this case be dismissed together with costs.

Dated:  April 7, 2009                  Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: /s/ Jason L. Sanders
       Jason L. Sanders

Attorneys for Defendants
Executive Trustee Services, LLC, Mortgage Electronic Registration Systems, Inc., and Deutsche Bank Trust Company Americas as Trustee

14

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT
*Castro et al. v. Executive Trustee Services, LLC, et al.*, Case No. 08-CV-2156

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2009, a true copy of the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT was served electronically on:

>KELHOFFER, MANOLIO & FIRESTONE, PLC
>Merrick Brian Firestone
>mfirestone@manolio-firestone.com
>Veronica Lynn Manolio
>vmanolio@manolio-firestone.com
>Attorneys for Plaintiffs
>
>JACKSON WHITE, PC
>Roger R Foote
>rfoote@jacksonwhitelaw.com
>Attorneys for Defendant JP Morgan Chase

/s/ Jason L. Sanders

Locke Lord Bissell & Liddell LLP
2200 Ross Ave., Suite 2200
Dallas, Texas 75201-6776