1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Arnoldo Castro and Elizabeth Gutierrez,)    No. CV-08-2156-PHX-LOA
     husband and wife,                        )
10                                             )    **ORDER**
                            Plaintiffs,        )
11                                             )
     vs.                                       )
12                                             )
                                               )
13   Executive Trustee Services, LLC; et al,   )
                                               )
14                          Defendants.        )
                                               )
15   _____  )

16

17          This action arises upon the Court's review of the parties' Joint Proposed Case

18   Management Plan in anticipation of the May 27, 2009 Rule 16 scheduling conference.

     (docket # 43)
19

20                              **BACKGROUND**

21          Plaintiffs commenced this action in the Maricopa County Superior Court on

22   October 21, 2008, seeking to enjoin their home's foreclosure and obtain an award of

     damages. (Exh. 1 to Complaint; docket # 1-3 at 14-15; Complaint, docket # 1-3 at 5-8)
23
     Defendants ETS and MERS timely removed this lawsuit on November 21, 2008 as
24
     authorized by 28 U.S.C. §§ 1441(b) and 1331.  (docket # 1)  All parties have expressly
25
     consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (docket
26
     ## 11, 12, 25, 37)
27

28          On February 23, 2009, the Court dismissed Plaintiffs' various federal claims

1   and the State RICO claim alleged in the Complaint (Counts Two, Three and Four) with

2   prejudice for failure to state claims upon which relief may be granted and without leave to

3   amend. (docket # 30)  Defendants' request to expunge and vacate the *lis pendens* was also

4   denied but without prejudice. (*Id*.)  The Court, however, authorized Plaintiffs to file an

5   amended complaint limited to a State declaratory judgment cause of action and any other

6   state-law claims it may have against Defendants. Plaintiffs timely filed their First Amended

7   Complaint on March 9, 2009, alleging declaratory judgment and wrongful foreclosure causes

8   of action. (docket # 31)

9          In the Joint Proposed Case Management Plan, Plaintiffs contend Defendants

10  "have violated the Arizona Statutes governing negotiable instruments (by foreclosing on the

11  subject property while not being a holder in due course of the proper negotiable

12  instrument(s)) and have completed a wrongful foreclosure as that claim is recognized in

13  Arizona. The legal counts/claims are: 1) Declaratory Relief (Breach of Statute); and 2)

14  Wrongful Foreclosure." (docket # 43 at 2)  Aside from the declaratory relief, Plaintiffs seek

15  tort damages for alleged  wrongful foreclosure which the parties agree is a viable cause of

16  action under Arizona law. (*Id*. at 9, citing *Herring v. Countrywide Home Loans, Inc*., 2007

17  WL 2051394 (D.Ariz. 2007) and *Heritage Creek Development Corp. v. Colonial Bank*, 601

18  S.E.2d 842 (Ga.App.Ct. 2004) (Wrongful foreclosure is a tort that authorizes a recovery of

19  compensatory damages against a party that breached the duty to "exercise fairly and in good

20  faith" "the power of sale in a deed to secure a debt.").

21         Defendants deny liability and contend "Plaintiffs' counsel filed this lawsuit

22  to unnecessarily delay foreclosure of the deed of trust on Plaintiffs' home . . . Plaintiff's

23  entire theory of liability in this case hinges on a single fact: whether Deutsche Bank Trust

24  Company Americas as Trustee . . . was in possession of the original promissory note

25  evidencing Plaintiffs' mortgage obligation . . . at the time non-judicial foreclosure

26  proceedings were initiated by issuance of a notice of default." (*Id*. at 5)  They contend

27  "the central legal theory of the Plaintiffs' case – that MERS was not entitled to initiate a

28  nonjudicial foreclosure because it was never the holder of the Note and was not in actual,

1  physical possession of the Note - finds no support in Arizona law." (*Id*.)

2        Plaintiffs did not, and do not, dispute the jurisdiction of this District Court

3  because the original now-dismissed claims involved federal questions pursuant to 28

4  U.S.C. §1331. Nevertheless, they "believe the remaining actions to be based in state law

5  (Arizona) and to be properly resolved by the Superior Court." (*Id*. at 10-11)  On the

6  other hand, "Defendants believe that this Court should (and may properly) exercise

7  supplemental jurisdiction over Plaintiffs' remaining claims notwithstanding its dismissal

8  of the federal claims to which those remaining claims related so as to avoid inefficiency

9  and to encourage judicial economy. . . This Court is now familiar with the background of

10  this litigation and the parties have now invested time in bringing these issues to the

11  Court's attention. To force the parties to start over in state court now would result in an

12  unnecessary duplication of effort." (*Id*. at 11)

13        This Court concludes that it is unnecessary to await the Rule 16 scheduling

14  conference and thereby cause additional delay and expense before it decides whether to

15  exercise supplemental jurisdiction in this case. Rule 1, FRCvP ("These rules . . . shall be

16  construed and administered to secure the just, *speedy*, and *inexpensive* determination of

17  every action.") (emphasis added).

18  **SUPPLEMENTAL JURISDICTION**

19        A district court "may decline to exercise supplemental jurisdiction over a claim

20  . . . if-- (1) the claim raises a novel or complex issue of State law, . . . [or] (3) the district

21  court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. §

22  1367(c). "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court

23  should consider and weigh in each case, and at every stage of the litigation, the values of

24  judicial economy, convenience, fairness, and comity.'" *Thorn v. BAE Systems Hawaii*

25  *Shipyards, Inc.,* 586 F.Supp.2d 1213, 1225 (D.Haw. 2008) (citing *City of Chi. v. Int'l Coll.*

26  *of Surgeons*, 522 U.S. 156, 173, (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343,

27  350 (1988)). Ordinarily, however, if all claims over which a district court has original

28  jurisdiction have been dismissed before trial in a removed action, the remaining state-law

1  claims should be remanded to state court. *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th

2  Cir. 1997) (*en banc*).  *Acri* holds that although the district court "may" decline to exercise

3  its supplemental jurisdiction under § 1367(c) in these circumstances, and ordinarily "should"

4  dismiss the state law claims under *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), that

5  "has never meant that they must be dismissed." *Acri*, 114 F.3d at 1000. Of course, a district

6  court is not compelled to remand a case in which federal-question jurisdiction existed at the

7  time of removal if the federal claims are later dismissed. *Albingia Versicherungs A.G. v.*

8  *Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003) (court had discretion to exercise

9  supplemental jurisdiction over state law claims after federal claim dismissed (unless

10 dismissal was for lack of subject matter jurisdiction)), *cert. denied*, 541 U.S. 1041 (2004).

11 ## ANALYSIS

12         The Court concludes judicial economy, fairness, comity, the existence of novel

13 issues under Arizona law (whether Defendant MERS was entitled to initiate a non-judicial

14 foreclosure if it was never the holder of the note and was not in actual, physical possession

15 of the note and whether Defendant Deutsche Bank, as trustee under a deed of trust, was in

16 possession of the original promissory note at the time non-judicial foreclosure proceedings

17 were initiated), and the necessity for a court to interpret A.R.S. § 47-3301 and other Arizona

18 foreclosure statutes weigh heavily in favor of this Federal Court declining supplemental

19 jurisdiction and deferring to the Arizona courts to address the remaining issues in this

20 lawsuit. Remand at this time will, in the long term, reduce litigation costs and eliminate the

21 need to certify novel state-law issues to the Arizona Supreme Court or speculate how the

22 Arizona Supreme Court would rule on the issues. *White v. Celotex Corp.*, 907 F.2d 104, 106

23 (9th Cir. 1990) (district court has discretion to make a decision or certify a novel question

24 to the state supreme court); *McCoy v. Chase Manhattan Bank, USA* 559 F.3d 963, 970 (9th

25 Cir. 2009) (citing *Arizona Elec., Power Coop. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995)

26 (If district court chooses to rule on a novel state-law issue, it "must predict how the highest

27 state court would decide the issue using intermediate appellate court decisions, decisions

28 from other jurisdictions, statutes, treatises, and restatements as guidance."). Additionally,

1  even though this lawsuit was removed in November, 2008, it remains in its early stages as
2  little, if any, discovery has been exchanged or conducted and no trial date has been set.
3  Defendants' arguments why this Court should exercise supplemental jurisdiction over the
4  remaining state-law claims do not outweigh these other factors.

5      On the Court's own motion,

6      **IT IS ORDERED** that this case is hereby **REMANDED** to the Maricopa
7  Count Superior Court for further proceedings**.** With entry of this remand order, this case is
8  terminated from this District Court's docket without prejudice to Plaintiffs' claims alleged
9  in their First Amended Complaint.

10     **IT IS FURTHER ORDERED** that the May 27, 2009 Rule 16 scheduling
11  conference is hereby **VACATED**.

12     DATED this 26th day of May, 2009.

Lawrence O. Anderson
United States Magistrate Judge