**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arnoldo Castro and Elizabeth Gutierrez, husband and wife,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Executive Trustee Services, LLC; et al,<br><br>　　　　　　　　Defendants. | No. CV-08-2156-PHX-LOA<br><br>**ORDER** |

This action arises upon the Court's review of the parties' Joint Proposed Case Management Plan in anticipation of the May 27, 2009 Rule 16 scheduling conference. (docket # 43)

## **BACKGROUND**

Plaintiffs commenced this action in the Maricopa County Superior Court on October 21, 2008, seeking to enjoin their home's foreclosure and obtain an award of damages. (Exh. 1 to Complaint; docket # 1-3 at 14-15; Complaint, docket # 1-3 at 5-8) Defendants ETS and MERS timely removed this lawsuit on November 21, 2008 as authorized by 28 U.S.C. §§ 1441(b) and 1331. (docket # 1)  All parties have expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (docket ## 11, 12, 25, 37)

On February 23, 2009, the Court dismissed Plaintiffs' various federal claims

1   and the State RICO claim alleged in the Complaint (Counts Two, Three and Four) with
2   prejudice for failure to state claims upon which relief may be granted and without leave to
3   amend. (docket # 30)  Defendants' request to expunge and vacate the *lis pendens* was also
4   denied but without prejudice. (*Id.*)  The Court, however, authorized Plaintiffs to file an
5   amended complaint limited to a State declaratory judgment cause of action and any other
6   state-law claims it may have against Defendants. Plaintiffs timely filed their First Amended
7   Complaint on March 9, 2009, alleging declaratory judgment and wrongful foreclosure causes
8   of action. (docket # 31)

9          In the Joint Proposed Case Management Plan, Plaintiffs contend Defendants
10  "have violated the Arizona Statutes governing negotiable instruments (by foreclosing on the
11  subject property while not being a holder in due course of the proper negotiable
12  instrument(s)) and have completed a wrongful foreclosure as that claim is recognized in
13  Arizona. The legal counts/claims are: 1) Declaratory Relief (Breach of Statute); and 2)
14  Wrongful Foreclosure." (docket # 43 at 2)  Aside from the declaratory relief, Plaintiffs seek
15  tort damages for alleged wrongful foreclosure which the parties agree is a viable cause of
16  action under Arizona law. (*Id*. at 9, citing *Herring v. Countrywide Home Loans, Inc*., 2007
17  WL 2051394 (D.Ariz. 2007) and *Heritage Creek Development Corp. v. Colonial Bank*, 601
18  S.E.2d 842 (Ga.App.Ct. 2004) (Wrongful foreclosure is a tort that authorizes a recovery of
19  compensatory damages against a party that breached the duty to "exercise fairly and in good
20  faith" "the power of sale in a deed to secure a debt.").

21         Defendants deny liability and contend "Plaintiffs' counsel filed this lawsuit
22  to unnecessarily delay foreclosure of the deed of trust on Plaintiffs' home . . . Plaintiff's
23  entire theory of liability in this case hinges on a single fact: whether Deutsche Bank Trust
24  Company Americas as Trustee . . . was in possession of the original promissory note
25  evidencing Plaintiffs' mortgage obligation . . . at the time non-judicial foreclosure
26  proceedings were initiated by issuance of a notice of default." (*Id*. at 5)  They contend
27  "the central legal theory of the Plaintiffs' case – that MERS was not entitled to initiate a
28  nonjudicial foreclosure because it was never the holder of the Note and was not in actual,

- 2 -

1 physical possession of the Note - finds no support in Arizona law." (*Id.*)

2 Plaintiffs did not, and do not, dispute the jurisdiction of this District Court 3 because the original now-dismissed claims involved federal questions pursuant to 28 4 U.S.C. §1331. Nevertheless, they "believe the remaining actions to be based in state law 5 (Arizona) and to be properly resolved by the Superior Court." (*Id*. at 10-11)  On the 6 other hand, "Defendants believe that this Court should (and may properly) exercise 7 supplemental jurisdiction over Plaintiffs' remaining claims notwithstanding its dismissal 8 of the federal claims to which those remaining claims related so as to avoid inefficiency 9 and to encourage judicial economy. . . This Court is now familiar with the background of 10 this litigation and the parties have now invested time in bringing these issues to the 11 Court's attention. To force the parties to start over in state court now would result in an 12 unnecessary duplication of effort." (*Id*. at 11)

13 This Court concludes that it is unnecessary to await the Rule 16 scheduling 14 conference and thereby cause additional delay and expense before it decides whether to 15 exercise supplemental jurisdiction in this case. Rule 1, FRCvP ("These rules . . . shall be 16 construed and administered to secure the just, *speedy*, and *inexpensive* determination of 17 every action.") (emphasis added).

## **SUPPLEMENTAL JURISDICTION**

19 A district court "may decline to exercise supplemental jurisdiction over a claim 20 . . . if-- (1) the claim raises a novel or complex issue of State law, . . . [or] (3) the district 21 court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 22 1367(c). "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court 23 should consider and weigh in each case, and at every stage of the litigation, the values of 24 judicial economy, convenience, fairness, and comity.'" *Thorn v. BAE Systems Hawaii* 25 *Shipyards, Inc.,* 586 F.Supp.2d 1213, 1225 (D.Haw. 2008) (citing *City of Chi. v. Int'l Coll.* 26 *of Surgeons*, 522 U.S. 156, 173, (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 27 350 (1988)). Ordinarily, however, if all claims over which a district court has original 28 jurisdiction have been dismissed before trial in a removed action, the remaining state-law

1 claims should be remanded to state court. *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th
2 Cir. 1997) (*en banc*). *Acri* holds that although the district court "may" decline to exercise
3 its supplemental jurisdiction under § 1367(c) in these circumstances, and ordinarily "should"
4 dismiss the state law claims under *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), that
5 "has never meant that they must be dismissed." *Acri*, 114 F.3d at 1000. Of course, a district
6 court is not compelled to remand a case in which federal-question jurisdiction existed at the
7 time of removal if the federal claims are later dismissed. *Albingia Versicherungs A.G. v.*
8 *Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003) (court had discretion to exercise
9 supplemental jurisdiction over state law claims after federal claim dismissed (unless
10 dismissal was for lack of subject matter jurisdiction)), *cert. denied*, 541 U.S. 1041 (2004).

## **ANALYSIS**

12 The Court concludes judicial economy, fairness, comity, the existence of novel
13 issues under Arizona law (whether Defendant MERS was entitled to initiate a non-judicial
14 foreclosure if it was never the holder of the note and was not in actual, physical possession
15 of the note and whether Defendant Deutsche Bank, as trustee under a deed of trust, was in
16 possession of the original promissory note at the time non-judicial foreclosure proceedings
17 were initiated), and the necessity for a court to interpret A.R.S. § 47-3301 and other Arizona
18 foreclosure statutes weigh heavily in favor of this Federal Court declining supplemental
19 jurisdiction and deferring to the Arizona courts to address the remaining issues in this
20 lawsuit. Remand at this time will, in the long term, reduce litigation costs and eliminate the
21 need to certify novel state-law issues to the Arizona Supreme Court or speculate how the
22 Arizona Supreme Court would rule on the issues. *White v. Celotex Corp.*, 907 F.2d 104, 106
23 (9th Cir. 1990) (district court has discretion to make a decision or certify a novel question
24 to the state supreme court); *McCoy v. Chase Manhattan Bank, USA* 559 F.3d 963, 970 (9th
25 Cir. 2009) (citing *Arizona Elec., Power Coop. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995)
26 (If district court chooses to rule on a novel state-law issue, it "must predict how the highest
27 state court would decide the issue using intermediate appellate court decisions, decisions
28 from other jurisdictions, statutes, treatises, and restatements as guidance."). Additionally,

1  even though this lawsuit was removed in November, 2008, it remains in its early stages as
2  little, if any, discovery has been exchanged or conducted and no trial date has been set.
3  Defendants' arguments why this Court should exercise supplemental jurisdiction over the
4  remaining state-law claims do not outweigh these other factors.
5         On the Court's own motion,
6         **IT IS ORDERED** that this case is hereby **REMANDED** to the Maricopa
7  Count Superior Court for further proceedings**.** With entry of this remand order, this case is
8  terminated from this District Court's docket without prejudice to Plaintiffs' claims alleged
9  in their First Amended Complaint.
10        **IT IS FURTHER ORDERED** that the May 27, 2009 Rule 16 scheduling
11 conference is hereby **VACATED**.
12        DATED this 26th day of May, 2009.

*[Signature]*
Lawrence O. Anderson
United States Magistrate Judge